ABBOTT *versus* GOODWIN.

By R. S., c. 66, § 2, all boards, plank, timber and slitwork, offered for sale, shall, previously to delivery, be surveyed by one of the sworn surveyors, and their contents noted.

By § 20 of same chapter, it is enacted that any person selling and delivering any boards, plank, timber or slitwork, before they are surveyed, shall forfeit two dollars a thousand.

Where the defendant contracted with the plaintiff for a quantity of joists, and received them without objection at his own survey, he is bound to pay the price agreed upon, although they were not surveyed by any sworn surveyor.

*It seems*, that where joists are delivered under such a contract, there is no such *offering for sale*, as requires them to be surveyed.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

ASSUMPSIT, on a balance of account for hard and soft wood joists. The parties lived in the town of Shapleigh.

Evidence was introduced tending to show that the plaintiff contracted with the defendant for 3 M. feet hard wood, and 5 M. feet soft wood joists, to be delivered on the line

of the York and Cumberland rail road in the town of Sanford.

They were delivered according to the agreement. The defendant surveyed the most of the hard wood joists at the mill where they were sawed, in Sanford. The balance the defendant said it was no matter about surveying them, the plaintiff might count them. The soft wood were surveyed or taken an account of by one Bragdon, at the mill when he sawed them, in Shapleigh.

It appeared that when all but two loads had been delivered, the defendant told the plaintiff that it was all right, and that if he would come down to Springvale the next Saturday, he would pay him $15 or $20.

Evidence was also produced that there were several qualified surveyors of lumber in the town of Sanford that same year; and admissions of the plaintiff, that these joists were not surveyed by any *sworn* surveyor.

The counsel for the defendant requested the Judge to instruct the jury, that the plaintiff was not entitled to recover, because it did not appear that the joists had been duly surveyed by a sworn surveyor, in the town of Sanford; if they found that the lumber had not been surveyed, and that there were sworn surveyors in the town of Sanford at the time of the delivery.

The Judge declined to give the instructions, to which refusal the defendant excepted, a verdict being rendered for the plaintiff.

*Leland,* for defendant.

1. These joists are required by R. S., c. 66, § 2, previously to delivery, to be surveyed by a legally qualified surveyor, and any person selling and delivering such before thus surveyed, forfeits $2 per M. § 20, same chapter.

The penalty prescribed by the latter section, renders it prohibitory in its nature, and therefore any contract made in violation thereof is unlawful and null and void. Chitty on Contracts, under head of illegal sales as rendered void by statute, wherein he says, " a contract is void if prohibit-

ed by a statute, though the statute only inflicts a penalty, because a penalty implies a prohibition." 1 Kent's Com. 467.

2. It is an ancient doctrine, that no action can be founded upon an illegal contract. *Holman* v. *Johnson,* Cowper, 343; *Russell* v. *De Grand,* 15 Mass. 39; *Wheeler* v. *Russell,* 17 Mass. 258; *Pray* v. *Burbank,* 10 N. H. 377.

3. It is incompetent to either or both the parties by any agreement to waive such survey as is required by law. A positive statutory provision can in no case be avoided. All laws, except special enactments, are intended for the public and general good, and they are the rules to which the public are obliged to conform.

4. It clearly appears from the exceptions that each party acted "by agreement" in violating a statute provision; and we may invoke the aid of the well known principle *"in pari delicto portior est conditio defendentis."*

The case of *Coombs* v. *Emery,* 14 Maine, 404, appears to settle this principle "that whenever there are legal surveyors of timber, &c. in any town where such articles are to be measured, the measurement must be done by them. In this connexion *vide* R. S., c. 66, § 20.

If, as the Court decide in *Buxton* v. *Hamblen,* 32 Maine, 450, "the sale of pressed hay *unbranded* is a violation of the statute, and equally so, whether to be visited by a forfeiture of the article or by a pecuniary penalty," it is difficult to see the distinction in principle between the law as applicable to the case at bar and the case there decided, excepting in this, that c. 66, § 20, R. S., does, "in express terms," prohibit the sale of boards, slitwork, &c. and subjects the seller to a forfeiture, &c., whereas the statute under which that decision was made, does not in express terms prohibit any such sale.

*D. Goodenow,* for plaintiff.

1. Penal statutes should be construed strictly. They should be so construed as to suppress the mischief and advance the remedy. The object of the statute is to prevent fraud in the sale of lumber. There is not the same facility

in cheating in the sale of timber, as in boards or shingles; shingles and clapboards have their dimensions, &c. prescribed by statute c. 66, § § 6, 7, 8, 9, 10 and 11.

The lumber described in § 20, of this chapter, is not forfeited.

2. The joists in this case were not offered for sale, but delivered and accepted in fulfilment of a previous contract. It was a case not within the mischief to be suppressed. There was no holding out of property for sale contrary to law. To constitute an offence it must be a wilful violation of law, and this is immoral. 2 Starkie's Ev. 87, note K.

3. Where the parties otherwise agree, a survey is not necessary. This is expressly provided for in the sale of shingles.

4. In this case it does not appear but that the defendant, who surveyed the greater part, was a sworn surveyor of the town of Shapleigh. The burthen of proof is on the defendant. *Nutter* v. *Bailey*, 32 Maine, 504.

5. To constitute an offence, the lumber should be sold and delivered in the same town; otherwise, to which shall the penalty go ?

6. If defendant was not satisfied, it was his duty to have a legal survey, and he cannot take advantage of his own wrong.

7. This was dimension stuff, and there is no pretence it was not merchantable, or that there was any fraud on the part of the plaintiff. In *Low* v. *Hodsden*, 11 East, 300, there was an actual fraud. The case of *Coombs* v. *Emery*, 14 Maine, 404, is an authority for the plaintiff's recovery. In the case of *Wheeler* v. *Russell*, 17 Mass. 258, there was a real fraud practiced.

8. The plaintiff's right to recovery comes within the principle as laid down in 2 Camp. 144; 4 Yates, 86; 2 Bingham, 220. It cannot be doubted that the R. S. clearly recognize the distinction taken by the Court in *Coombs* v. *Emery*, 14 Maine, 404, between a penalty and prohibition.

For selling hay without being branded is against public

policy, and by statute such hay is forfeited. The articles enumerated in § 20, of c. 66, are not in express terms prohibited from sale, but a penalty only is inflicted.

*Leland*, in reply. To the objection "that the joists in this case were not offered for sale," I refer to Chitty on Con. p. 9, ed. of 1848, for the definition of a sale. There must be a request on one side and an assent on the other. The case finds there was an offer to sell, and that it was accepted.

It is said a survey is not necessary, when the parties otherwise agree, and this is expressly provided in the case of shingles. But this provision applies only to shingles. There is no provision dispensing with a survey of "timber," &c.

Then, as to the objection that it does not appear but that defendant was a sworn surveyor of the town of Shapleigh, the case finds the lumber was to be delivered in Sanford. There the contract was to be completed, and there the joists surveyed. Further, it appears by the case, that they were not surveyed by a sworn surveyor.

It is said the timber should be sold and delivered in the same town. But where was the offence committed? Not in Shapleigh, for there was no agreement that a survey should be made there. Chapter 66, § 20, provides for both "selling and delivery," not selling *or* delivery. Both the act of *selling* and *delivery*, must be proved before *any penalty attaches*. No penalty could here attach until after the delivery in Sanford. Such penalty could not be avoided by making a *sale* in one town, and *delivery* in another.

Again, if a man may not take advantage of his own wrong, the Court cannot aid either party in reaping any advantage from an illegal contract.

It is not necessary to show fraudulent acts or cheating on the part of the plaintiff. Where the doing of an act subjects one to a penalty, it implies a prohibition of the act. *Wheeler* v. *Russel*, 17 Mass. 258; *Buxton* v. *Hamblen*, 32 Maine, 450.

The case shows, that here is a plain and obvious intent

Lord *v.* Moore.

to avoid the effect and meaning of a wholesome statutory provision on the part of the plaintiff.

HATHAWAY, J. — On the 17th of December, 1850, the defendant contracted with the plaintiff to get for him a quantity of joists, and to deliver them on the line of the York and Cumberland Rail Road, in Sanford. The plaintiff performed the contract on his part; and the defendant received the joists upon an estimate satisfactory to himself, at the time, and refuses to pay for them, because, as he alleges, they were not surveyed by a *sworn surveyor*, as required by statute, c. 66, § 2, which provides that " timber, &c., offered for sale" shall be thus surveyed, previous to delivery. The case does not find that the joists were offered for sale by the plaintiff. He procured them on contract, for the defendant, and the defendant received them, and there is no honest or legal reason apparent, why he should not pay for them. *Coombs* v. *Emery*, 14 Maine, 404.

> *Exceptions overruled.    Judgment on the verdict.*

SHEPLEY, C. J., and RICE and CUTTING, J. J., concurred.